ELIZABETH ROBERTS ET AL. *v.* JOHN L. LOVEJOY ET AL.

In decreeing a specific performance in favor of a purchaser of land by title bond, when it appeared that the purchaser, by failing to pay part of the purchase-money, had himself been in default for many years, it is not justly carrying into effect the contract of the parties to adjudge to the vendor the mere principal of the unpaid purchase-money without interest.

APPEAL from Collin.    The case was tried before Hon. W. T. G. WEAVER, one of the district judges.

The facts are sufficiently indicated by the opinion of the court.    The case is more fully reported in the case of Roberts v. Lovejoy, 25 Tex. Supp., 437.

*J. C. Easton,* for the appellant.

No brief for the appellee furnished to the *Reporter.*

DONLEY, J.—This cause was before this court on appeal by Edward Roberts, now deceased, and was reversed on the 3d day of January, 1861.    (25 Tex. Supp., 437.)

It was there held, that a court of equity will not decree a specific performance of a contract in favor of a party who refuses performance of his agreement in whole or in part.    From the evidence in this case, it appears that more than seventeen years since the plaintiff's intestate, Edward Roberts, assigned to the defendant in error a bond on William Davis, for the land in controversy, which bond stipulates that Davis should make title to the land as soon as a patent should be obtained from the government.    It appears that there remained of the consideration agreed to be given for this land by appellee, on the 1st of January, 1850, the sum of $84 25; that the said Edward Roberts endeavored to collect the money of the appellee by suit before a justice of the peace; that the appellee made a successful defence to the suit, and the said Edward

· 41—XXVIII

Roberts was adjudged to pay the costs incurred in the cause; that since then, and since the institution of this suit, Edward Roberts, acting as he might lawfully do on the fact that, in effect, the appellee had repudiated the contract in 1850, by refusing the consideration agreed to be given for the land, sold the one-half of the land, and by that sale has incurred a liability on his warranty of title to the purchaser that will require nearly double the amount that is adjudged to appellant to pay. It is not carrying into effect the agreement with justice to both parties to adjudge to appellant the amount that was due more than sixteen years before.

If the defendant in error must sustain an injury, it is properly chargeable to his own acts in refusing to abide by and peform his contract.

The judgment is reversed, and the cause

REMANDED.